

AARON R. EASLEY
Direct: (908) 237-1660
aeasley@sessions.legal

October 3, 2024

Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **Patrice Neil v. Credence Resource Management, LLC**
     **Index No.: 1:24-cv-5901-GHW**

Dear Judge Woods:

  Sessions, Israel & Shartle, LLC represents Credence Resource Management, LLC in the above matter. The undersigned has attached the Proposed Civil Case Management Plan and Scheduling Order and joint letter advising the Court of the status of the case. As you will see from the attached exchange between the undersigned and plaintiff, the undersigned forwarded the documents to plaintiff for her additions, but plaintiff (as of the instant filing) has failed to provide her input.

             Respectfully submitted,

             Aaron R. Easley, Esq.

ARE/cjg

3 Cross Creek Drive Flemington, New Jersey 08822-4938
(908) 237-1660 (908) 237-1663 F www.sessions-law.com

CALIFORNIA • COLORADO • FLORIDA • GEORGIA • ILLINOIS • LOUISIANA • NEW JERSEY • NEW YORK • PENNSYLVANIA • TEXAS

**Aaron Easley**

| | |
|---|---|
| **From:** | Patrice Neil <pneil83@live.com> |
| **Sent:** | Wednesday, October 2, 2024 8:53 AM |
| **To:** | Aaron Easley |
| **Cc:** | Team One |
| **Subject:** | Re: Neil v. Credence Resource Management  11099-55883 |

Sorry for the delay.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Aaron Easley <aeasley@sessions.legal>
**Sent:** Wednesday, October 2, 2024 8:49:03 AM
**To:** Patrice Neil <pneil83@live.com>
**Cc:** Team One <Team1@sessions.legal>
**Subject:** RE: Neil v. Credence Resource Management 11099-55883

Ms. Neil, I write to follow up the below email. Please review and return the documents to me today. Thanks.



Aaron Easley, Attorney | Sessions, Israel & Shartle
Direct: 908.237.1660 | Mobile: 732.423.1177 | Fax: 877.334.0661 | aeasley@sessions.legal
3 Cross Creek Drive, Flemington, NJ 08822-4938
Direct Links: Bio • Email • Download V-Card • Website
California • Florida • Georgia • Illinois • Louisiana
Michigan • New Jersey • New York • Pennsylvania • Texas

---

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.

---

**From:** Aaron Easley
**Sent:** Tuesday, September 17, 2024 10:14 AM
**To:** 'Patrice Neil' <pneil83@live.com>
**Cc:** Team One <Team1@sessions.legal>
**Subject:** RE: Neil v. Credence Resource Management 11099-55883

Thanks for your email. There is no basis for a claim. Please review and return the documents to me by September 30. Thank you.

1

**From:** Patrice Neil <pneil83@live.com>
**Sent:** Tuesday, September 17, 2024 10:05 AM
**To:** Aaron Easley <aeasley@sessions.legal>
**Cc:** Team One <Team1@sessions.legal>
**Subject:** Re: Neil v. Credence Resource Management 11099-55883

Good day,

From what I was informed the debt does not exist. I spoke to billing department for radiology. No one has ever reached out to me about this alleged debt. So, there are investigations going on at the billing department. They did not have my proper contact information. This alleged debt should have never got to your client. While I was on the phone with your client he exposed my surgical procedure without asking me permission.

If your client wants to settle for  I will accept that.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Aaron Easley <aeasley@sessions.legal>
**Sent:** Tuesday, September 17, 2024 9:57:16 AM
**To:** Patrice Neil <pneil83@live.com>
**Cc:** Team One <Team1@sessions.legal>
**Subject:** Neil v. Credence Resource Management 11099-55883

Ms. Neil, the parties have to file with the Court by October 1, 2024, a Proposed Civil Case Management Plan and Scheduling Order and a joint letter advising the Court on the status of the case. See attached Notice of Initial Pretrial Conference, which expounds upon this. I have attached an editable PDF of the Proposed Civil Case Management Plan and Scheduling Order. Please let me know if you prefer different dates. I have also attached a draft of the joint letter. Please add your additions. Please return both documents to me by September 30, 2024. Thank you.



Aaron Easley, Attorney | Sessions, Israel & Shartle
Direct: 908.237.1660 | Mobile: 732.423.1177 | Fax: 877.334.0661   aeasley@sessions.legal
3 Cross Creek Drive, Flemington, NJ 08822-4938
Direct Links: Bio • Email • Download V-Card • Website
California • Florida • Georgia • Illinois • Louisiana
Michigan • New Jersey • New York • Pennsylvania • Texas

---

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Patrice Neil

          Plaintiff(s),

    -against -

Credence Resource Management, LLC

          Defendant(s).
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:
```

1: 24   -cv- 5901   -GHW

<u>CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER</u>

GREGORY H. WOODS, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ✔ / do not consent ☐ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties should submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The parties [have ✔ / have not ☐ ] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Alternative Dispute Resolution/Settlement

  a. Settlement discussions [have ☐ / have not ✔ ] taken place.

  b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
N/A

  c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
N/A

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
N/A

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order. [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.
[*Absent exceptional circumstances, a date not more than 10 days following the initial pretrial conference.*]

7. Fact Discovery

    a.    All fact discovery shall be completed no later than February 7, 2025.
[*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by November 8, 2024.

    c.    Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by November 8, 2024. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    d.    Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted without prior express permission of the Court.

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by February 7, 2025.

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by November 8, 2024. [*Absent exceptional circumstances, a date not less than 30 days prior to the date set forth in paragraph 7(a).*]

      g.    Any of the deadlines in paragraphs 7(b), (c), (e), and (f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8. Expert Discovery

      a.    Anticipated types of experts, if any:
<u>Only rebuttal on behalf of defendant</u>

      b.    All expert discovery shall be completed no later than <u>January 10, 2025</u>.
*[Absent exceptional circumstances, a date 45 days from the date set forth in paragraph 7(a). <u>Omit</u> unless types of experts are identified.]*

      c.    Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by _____.
*[Absent exceptional circumstances, the date set forth in paragraph 7(a).]* Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by _____. *[Absent exceptional circumstances, a date two weeks following the preceding date.]*

      d.    No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(b).

9. All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

10. Motions for summary judgment, if any, shall be filed no later than <u>February 14, 2025</u>. *[Absent exceptional circumstances, 30 days from the date in paragraph 8(b) (i.e., the completion of discovery).]* Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

11. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

12. The parties expect that this case [is ☐ / is not ☑] to be tried to a jury.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is 1 day_____.

14. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
None_____
_____
_____

Counsel for the Parties:

Aaron R. Easley                                    Credence Resource Management, LLC

Patrice Neil                                       Prose

[TO BE COMPLETED BY THE COURT:]

The Court will hold a status conference on _____.
Unless otherwise ordered by the Court, the status conference will take place by telephone. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(B) of the Court's Individual Rules.

A joint letter updating the Court on the status of the case shall be filed on ECF by _____. The letter should include the following information in separate paragraphs:

(1) all existing deadlines, due dates, and/or cut-off dates;

(2) a brief description of any outstanding motions;

(3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

(4) the status of settlement discussions;

(5) the anticipated length of trial and whether the case is to be tried to a jury;

(6) whether the parties anticipate filing motions for summary judgment; and

(7) any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as

provided in paragraph 7(g)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated:
New York, New York

_____
GREGORY H. WOODS
United States District Judge



AARON R. EASLEY
Direct: (908) 237-1660
aeasley@sessions.legal

September 30, 2024

Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    **Patrice Neil v. Credence Resource Management, LLC**
             **Index No.: 1:24-cv-5901-GHW**

Dear Judge Woods:

Please consider the following joint letter in advance of the pretrial conference in this matter:

(1) <u>Nature of the Case</u>: Plaintiff seeks $15,000 from Credence Resource Management, LLC ("CRM") for alleged "Violation under FCRA 15 USC 1681b(a)(2) Unauthorized inquiries, NYS General business law (GBL) 380, identity theft, invasion of privacy, hippa violation."

(2) <u>Jurisdiction and venue</u>: Plaintiff's claim is founded upon an alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*. The Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. §§ 1331 and 1441 in that the claim is founded on a claim or right arising under the laws of the United States. The Court has supplemental jurisdiction over Plaintiff's joined state law claims pursuant to 28 U.S.C. § 1367. Venue is proper as plaintiff resides in the jurisdiction of the Southern District of New York.

(3) <u>Motions</u>: CRM intends to file a Motion for Summary Judgment at the conclusion of discovery. CRM is a debt collector and was retained by Plaintiff's creditor, Sheridan Radiology Services of South Florida, to collect a debt owed to the creditor. As part of the collection process, a debt collector is permitted to access a debtor's credit report. Section 1681b of the FCRA, entitled "Permissible purposes of consumer reports," provides, in pertinent part:

Proceeding.

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Neil v. Credence Resource Management, LLC*
September 30, 2024 – Page 2

> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (3) To a person which it has reason to believe-
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or <u>review or collection of an account of, the consumer</u>.

15 U.S.C. § 1681b(a)(3)(A).

Further there is no basis for Plaintiff's other claims, as GBL 380 pertains to the obligation of credit reporting agencies, not debt collectors; CRM was retained by Plaintiff's creditor to collect the subject debt and did not steal her identity; CRM did not invade Plaintiff's privacy by accessing her credit report consistent with its permissible purpose under the FCRA; and plaintiff's alleged HIPPA violation has no basis as CRM is merely a debt collector.

(4) <u>Discovery</u>: Discovery has not yet taken place. CRM will serve its Initial Disclosures prior to the pretrial conference. CRM will also propound to plaintiff Interrogatories, Request for Production of Documents, and Requests for Admission.

(5) <u>Computation of Damages</u>:

(6) <u>Settlement Discussions</u>: There have been not settlement discussions.

Respectfully submitted,

*Aaron R. Easley, Esq.*

ARE/cjg