```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
PATRICE NEIL,                                                          :
                                                                       :
                                    Plaintiff,                         :      1:24-cv-5901-GHW
                                                                       :
                  -against-                                            :            ORDER
                                                                       :
CREDENCE RESOURCE MANAGEMENT, LLC,                                     :
                                                                       :
                                    Defendant.                         :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2025

GREGORY H. WOODS, District Judge:

      This action was removed from the Supreme Court of the State of New York, County of New York, on August 2, 2024.  Dkt. No. 1.  An initial pre-trial conference was scheduled to occur in this matter on November 1, 2024 at 10:00 a.m.  Dkt. No. 14.  On November 1, 2024, the Court, the Court's staff, and the defendant's counsel appeared at the November 1, 2024 conference.  The plaintiff did not appear on November 1, 2024 because her earlier request to adjourn the conference, which was filed with the Pro Se Intake Unit on October 28, 2024, was not docketed or otherwise provided to the Court until November 4, 2024.  Dkt. No. 17.  Consequently, on November 9, 2024, the Court scheduled another pre-trial conference for January 7, 2025 at 11:00 a.m.  Dkt. No. 18.  On January 7, 2025, the Court, the Court's staff, and the defendant's counsel appeared.  For a second time the plaintiff did not appear, this time without explanation.

      By order dated January 7, 2025, the Court scheduled two additional status conferences with respect to this matter for January 22, 2025 and February 6, 2025.  Dkt. No. 21.  Plaintiff was ordered to personally attend both conferences.  *Id*.  In its January 7, 2025 order, the Court warned Plaintiff that failure to attend the conferences "will result in the Court dismissing her claims against the defendant for failure to prosecute."  *Id*.  The Court, the Court's staff, and counsel for defendant all appeared at each of the scheduled conferences, including the conference held earlier today.  But Ms.

Neil did not. This is Ms. Neil's third consecutive failure to appear at a Court-scheduled conference. In sum, Ms. Neil is taking no steps to prosecute her case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of this action for failure to prosecute is warranted here. Ms. Neil has failed to comply with several of the Court's orders. She failed to appear at three Court-scheduled conferences at which her personal appearance was specifically ordered, *see* Dkt. Nos. 18, 21. The Court has not received any communication from Ms. Neil for over three months. Ms. Neil has given no indication that she intends to prosecute this action. Given Ms. Neil's failure to heed the Court's orders, despite ample time to do so and clear notice that her case will be dismissed for failure to prosecute, *see* Dkt. No. 21 at 2, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit [his claims] to remain on the Court's docket," *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). In light of these circumstances, the Court does not believe that any lesser sanction other than dismissal would be

effective. However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, Ms. Neil's claims against the defendant are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to the plaintiff by certified mail and close this case.

SO ORDERED.

Dated: February 6, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3